IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARLENE TAYLOR, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>)<br>Defendant. ) | CIVIL ACTION<br>FILE NO: 4:19-cv-00029-WTB-CLR |

## CONSENT CONFIDENTIALITY ORDER

The parties to this action have come before the Court requesting a confidentiality order. The parties agree and consent that the "good cause" requirement of Fed. R. Civ. P. 26(c)(1) exists in this case in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. The parties further consent and agree that a multitude of confidential and proprietary corporate documents which will be requested and produced in this litigation necessitate a protective order specifically in regard to those that include financial, trade secret, confidential or proprietary business information. After careful consideration, the Court finds that the "good cause" requirement of Fed. R. Civ. P. 26(c)(1) has been met and therefore GRANTS the Parties' request for a protective order as set forth below. However, nothing in this Order shall be construed as allowing the parties to file any documents under seal without the permission of the Court. Should the parties seek to file documents under seal, they must follow and comply with the procedures set forth in this Court's Local Rule 79.7.

    1.    **Non-disclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a

document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person. A "stamped Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under F.R.C.P. 26. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to F.R.C.P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosure**. Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of litigation involving Wal-Mart Stores, Inc., and/or Wal-Mart Stores East, LP (hereinafter "Walmart"); to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional service in such litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to court officials involved in such litigation (including court reporters, persons operating video recording equipment at

depositions, and any special master appointed by the Court); and to the parties in this case. Subject to the provisions of subparagraph (C), such documents may also be disclosed:

A. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

B. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; to any person serving as a juror in a trial of the captioned matter; or any other person designated by written agreement between the parties or the subsequent order of the Court after reasonable notice to all parties.

C. If the receiving party desires to disclose documents, material, or information designated as "Confidential," or information derived therefrom, to any individual not authorized to receive "Confidential" information under paragraph 2, the receiving party shall first identify to the producing party, in writing, the documents, material, or information that it desires to disclose and the name, title, and job responsibilities of

each such individual to whom the receiving party wishes to disclose the documents, material or information designated as "Confidential" and the reasons why the receiving party wishes to disclose such confidential documents, material or information. The producing party shall, within 48 hours of receiving said written notice, inform the receiving party in writing whether it consents or objects to the proposed disclosure. The receiving party may seek a prompt hearing before this Court for an Order allowing the proposed disclosure and the producing party will cooperate in obtaining such a prompt hearing.

3. **Declassification**. If a party objects to the designation of any material as confidential information, the attorneys for the party will first consult in a good faith attempt to come to an agreement as to the document, testimony or information which is claimed to constitute confidential information. Should a party object to the designation of any material as confidential information and the parties cannot come to an agreement as to the information, that party may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show good cause for the document to have such protection. Until the Court enters an order, if any, changing the designation of the material, it shall continue to be treated as confidential and as a protected document as provided in this Order.

4. **Confidential Information in Depositions.**

   A. During a deposition, an employee or former employee of Walmart or any expert designated by Walmart may be shown and examined about stamped confidential documents identified by Walmart.

   B. Any other deponent may, during the deposition, be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of Paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

   C. Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order." Under expiration of the thirty-day period, the entire deposition will be read as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the

transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Client Communication**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(B) and (C).

8. **Use**. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of litigation

involving Wal-Mart Stores, Inc., Wal-Mart Realty Company, and/or Wal-Mart Stores East, LP (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

9. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

10. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing under seal.

    A.  Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

    B.  The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within 90 days of the date of termination of this Action through settlement or the issuance of a final non-appealable order, each party and non-party shall, unless otherwise agreed, assemble all documents that disclose Confidential Information in its possession, custody, or control, including copies, and destroy same with written certification of its destruction to the producing party (via email, letter,

etc.) or send it to the producing party upon written request.

12. Each person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of this Order.

13. The provisions of this Confidentiality Order shall not terminate with the disposition of this action, but shall continue in effect until further order of the Court.

14. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, discoverability of the confidential documents and information sought.

**SO ORDERED,** this 17th day of April, 2019.

*Christopher L. Ray*
The Honorable Christopher L. Ray
Magistrate Judge
The United States District Court
For the Southern District of Georgia
Savannah Division

**CONSENTED TO BY**:

**MORGAN & MORGAN**

 */s/Seth M. Diamond*
SETH M. DIAMOND
Georgia Bar No. 220393
25 Bull Street, Suite 400
Savannah, GA 31401
912-443-1012
SDiamond@ForThePeople.com
*Attorney for Plaintiff*

**DREW, ECKL & FARNHAM, LLP**

  */s/ Lisa N. Higgins*
LISA N. HIGGINS

Georgia Bar No. 352020
777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 280-9662 (telephone)
Lhiggins@deflaw.com
*Attorneys for Defendant*